**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

OCTAVIO OLIVEIRA FRAGATA,                    Case No. 6:10-bk-21874-ABB
                                              Chapter 7
        Debtor.
_____/

NATIONAL LABOR RELATIONS
BOARD,

v.                                            Adv. Pro. No. 6:11-ap-00054-ABB

OCTAVIO OLIVEIRA FRAGATA,

        Defendant.
_____/


## MEMORANDUM OPINION

This matter came before the Court on the Complaint (Doc. No. 1) filed by Plaintiff National Labor Relations Board (NLRB) against the Defendant/Debtor Octavio Oliveira Fragata requesting the Debtor's discharge be denied pursuant to 11 U.S.C. Section 727(a)(2)(A). The final evidentiary hearing was held on April 11, 2012, at which the *pro se* Debtor and counsel for Plaintiff appeared. Plaintiff filed post-hearing proposed findings of fact and conclusions of law pursuant to the Court's directive (Doc. No. 67). Debtor did not file any response.

Judgment is due to be entered in favor of Plaintiff and against Debtor for the reasons set forth herein. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

Debtor filed a Chapter 7 bankruptcy case on December 9, 2010 ("Petition Date"). Plaintiff is a creditor of Debtor pursuant to a May 21, 2009 judgment of the United States Court of Appeals for the First Circuit enforcing a March 25, 2009 order of the NLRB (Claim No. 9). Plaintiff filed this adversary proceeding on March 29, 2011. Debtor was represented by counsel in the main bankruptcy case but has been *pro se* throughout this adversary proceeding.

Plaintiff prosecuted this action pursuant to 11 U.S.C. Section 727(a)(2)(A). That statute provides authority for a court to deny a debtor's discharge when the debtor has, "with intent to hinder, delay or defraud a creditor . . . , transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition[.]"

It is undisputed Debtor transferred almost all his interest in his construction business to his then-wife more than one year prior to the Petition Date. Plaintiff alleges Debtor's discharge is due to be denied because Debtor continued to conceal Debtor's remaining interest in the company through and beyond the Petition Date. He attempted, through nondisclosure and evasion, to hide his remaining 0.9% ownership of the company and his equitable interest which survived the sham transfer.

Debtor established Fragata Construction Co., Inc. ("Fragata Construction" or "the company") as a Florida corporation in which he had 99.9% ownership in 2004. Fragata Construction was, for all purposes, entirely Debtor's company. Octavio Fragata was Fragata Construction's president, treasurer, sole director, and agent for service of process.

Debtor married Sonya Fragata in 2006; she was his second wife.  Sonya Fragata served as the company's secretary beginning in 2007.  Secretary is the only officer position she ever occupied for the company; she was never a director of Fragata Construction.  Debtor made all the decisions regarding the company.  He made all financial decisions, bid all jobs, hired all workers, and signed all the company's tax returns.

Debtor was liable to his first wife for over $250,000.00 in unpaid child support at the time he married Sonya Fragata.  He was unable to secure credit for personal expenses or to provide working capital for the company.

Debtor's father loaned Sonya Fragata $200,000.00, a portion of which she used to make a down payment on a house titled in her name in which she and Debtor resided.  Sonya Fragata then applied for credit cards and a home equity loan.  She lent the proceeds of the home equity loan to Fragata Construction, and both Fragatas used the credit cards for the company's expenses.  Sonya Fragata testified she did not provide these monies or the access to credit in exchange for an ownership interest in the company.

An administrative law judge (ALJ) issued a decision in February 2009 finding Debtor and certain other companies he controlled had failed to abide by their collective-bargaining agreements and owed workers back pay and other benefits.  The NLRB approved the ALJ's decision in March 2009, and enforcement papers were filed in the United States Court of Appeals for the First Circuit shortly thereafter.

Debtor transferred all but 0.9% of his ownership interest in Fragata Construction to Sonya Fragata in May 2009 ("the transfer"); he received nothing from Sonya Fragata in exchange for the transfer.  The company's 2008 tax return was filed on May 19, 2009,

showing the transfer had occurred.  The First Circuit issued its judgment enforcing the NLRB order two days later, on May 21, 2009.

Sonya Fragata testified she accepted the transfer after speaking with the accountant preparing the company's 2008 tax return and because it was in her husband's best interest. Her role at the company did not change after the transfer; she continued to perform bookkeeping and secretarial functions, just as she had prior to the transfer.

Debtor continued to use his time and energies to increase the value of the company after the transfer.  He worked full-time for the company in an effort to make Fragata Construction a successful and lucrative business.  Debtor continued to make all the business and financial decisions for the company; he handled all the money for the company and hired its workers.

Debtor retained an equitable interest in Fragata Construction after the transfer.  He used the company's assets to support his personal lifestyle.  Neither Debtor nor Sonya Fragata drew a salary from the company; both used the company's credit and debit cards to make personal purchases.  These purchases included tickets to theme parks, jewelry, movie rentals, music, and gifts from Debtor to Sonya Fragata.  Debtor did not own a vehicle; he drove the company's trucks.  Debtor had no personal bank accounts after late 2008 or early 2009, when, at his suggestion, the Fragatas transferred all money in their joint account to an account Sonya Fragata opened in her name only.

Debtor omitted his interest in Fragata Construction in his Petition, Schedules, and Statement of Financial Affairs ("SOFA") despite the fact he owned 0.9% of the company at the time he filed bankruptcy.

Debtor performed the transfer and concealed his equitable interest in the company in an effort to evade creditors. Debtor owed his first wife more than $250,000 in unpaid child support at the time of the transfer; she had taken steps to have him incarcerated and had garnished his tax return the previous year. Debtor defended the NLRB's action against him and was aware of the findings of the ALJ, the NLRB's approval of those findings, and the filing of the enforcement action in the appellate court. He testified he transferred the company to Sonya Fragata because he was "trying to do what it is to survive." He did not want his creditors to reach his only asset, his business. Debtor's testimony providing innocent explanations for the transfer—including that he made the transfer because Sonya Fragata had contributed capital to the company—was not credible.

Plaintiff established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. Section 727(a)(2)(A). Fragata Construction was, for all purposes, entirely Debtor's company prior to May 2009. He intended to hinder his creditors, including his ex-wife and the NLRB, when he effected a sham transfer of his interest in the company to his then-wife Sonya Fragata in May 2009. He retained an equitable interest in the property after the transfer. He used the company's assets to fund his personal expenses; and he maintained control of the company. Debtor continually concealed his property interest through the Petition Date; he did not disclose in his Petition, Schedules, and SOFA his legal ownership of 0.9% of the company or his equitable interest in the company at the time he filed bankruptcy.

## CONCLUSIONS OF LAW

Plaintiff seeks denial of Debtor's discharge pursuant to 11 U.S.C. Section 727(a)(2)(A). Objections to discharge are strictly construed against the objecting party and liberally in favor of the debtor. Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986). "[T]he reasons for denying a discharge must be real and substantial, not merely technical and conjectural." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994).

Plaintiff contends Debtor should be denied a discharge because he concealed property consisting of his interest in Fragata Construction. Section 727(a) of the Bankruptcy Code sets forth a debtor shall be granted a discharge unless the debtor has committed certain abuses. A discharge will be denied where:

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, . . . property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A).

> To successfully object to a discharge under § 727(a)(2)(A), a creditor must establish (1) that the act complained of was done within one year prior to the date the petition was filed, (2) with actual intent to hinder, delay, or defraud a creditor, (3) that the act was that of the debtor, and (4) that the act consisted [of] transferring, removing, destroying, or concealing any of the debtor's property.

Coady v. D.A.N. Joint Venture III, L.P., 588 F.3d 1312, 1315 (11th Cir. 2009) (quoting In re Jennings, 533 F.3d 1333, 1339 (11th Cir. 2008)).

Plaintiff established the transfer was a part of Debtor's scheme to conceal his continuing interest in the company in order to evade creditors, including his ex-wife and the NLRB.

Debtor retained an equitable interest in Fragata Construction after the transfer. Debtor had no personal bank accounts after late 2008 or early 2009. He used the company's assets to support his personal lifestyle. Neither Debtor nor Sonya Fragata drew a salary from the company; both used the company's credit and debit cards to make purchases of a purely personal nature. Rather than own a vehicle, Debtor benefited from the company's ownership of two trucks. As in Coady, Debtor "devoted his time and talents to increasing [his wife's company's] value, but 'whatever increase in equity [came] about in the future through [his] labor [would] be protected from his creditors, while being available for his benefit." Coady, 588 F.3d at 1315. His personal use of business accounts and Sonya Fragata's financial support "replaced any regular compensation that might otherwise have been available to satisfy his creditors' claims. Through this arrangement, [he retained] and concealed an equitable interest in his wife's business[]." Id. at 1316.

Debtor performed the transfer and concealed his interest in Fragata Construction in an intentional effort to evade creditors. He owed his first wife more than $250,000 in unpaid child support at the time of the transfer, and he was aware he was facing a large judgment in favor of the NLRB. He testified he transferred the company to Sonya Fragata because he was "trying to do what it is to survive." His testimony providing innocent explanations for the transfer was not credible.

It is undisputed the transfer occurred more than a year prior to the Petition date. This fact is not fatal to Plaintiff's claim. Debtor's concealment of his interest in Fragata Construction continued through the Petition Date, when he failed to disclose in his Petition, Schedules, and SOFA his legal ownership of 0.9% of the company and his equitable interest

in the company at the time he filed bankruptcy. The Eleventh Circuit recognizes a doctrine of continuing concealment in circumstances such as these.

> The doctrine of continuing concealment provides for situations like this, in which a debtor has kept his assets out of a creditor's reach during the look-back period by means of a sham ownership arrangement established more than one year before the bankruptcy petition was filed.

Coady, 588 F.3d at 1316 (citation omitted). See also In re Sausser, 159 B.R. 352, 356 (Bankr. M.D. Fla. 1993) ("where the initial action of concealment commenced outside of one year, if there is competent proof to establish a continuity of concealment which leads into the one-year period, the Plaintiff may establish a viable claim under § 727(a)(2). Further, concealing property for purposes of § 727(a)(2)(A) can be accomplished by a transfer of title coupled with the retention of the benefits of ownership, thus effecting a sham transfer.") (citations omitted).

A debtor seeking bankruptcy protection must disclose all assets and interests because full and honest disclosure is essential if the bankruptcy system is to function effectively. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002). A bankruptcy discharge is reserved for an "honest but unfortunate debtor." Grogan v. Garner, 498 U.S. 279, 287 (1991). Debtor sought the protection of the Bankruptcy Code without fulfilling his duty to be honest and forthcoming with the Court or his creditors. He is not entitled to a discharge.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the relief sought in the Plaintiff's Complaint (Doc. No. 1) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that Octavio Oliveira Fragata's discharge pursuant to 11 U.S.C. 727 is hereby **DENIED**.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this ___11th___ day of July, 2012.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge